Andre C. **ROBINSON**, Plaintiff— Appellant,

v.

Charles A. **DANIELS**, Warden, FCI Sheridan; et al., Defendants— Appellees.

No. 04–35685.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Andre C. Robinson, Sheridan, OR, pro se.

Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, for Defendants– Appellees.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Andre C. Robinson, a federal prisoner in Oregon, appeals pro se the district court's judgment for defendants in his Bivens action alleging prison officials violated his constitutional rights when they refused to transfer him to a prison job that would not exacerbate his carpal tunnel syndrome and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

when they disciplined him by removing him from his prison job and deducting thirteen days worth of good time credits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991), and we affirm the district court's judgment.

Robinson claimed that prison officials subjected him to cruel and unusual punishment by not transferring him from his prison job as a sander to a post that would be more appropriate for his medical condition. Because Robinson did not exhaust his administrative remedies with respect to this Eighth Amendment claim, the district court properly dismissed it without prejudice. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Terrell*, 935 F.2d at 1018–19.

Robinson claimed that the process by which prison officials decided to punish him for not properly performing his prison job duties violated his rights to due process, equal protection, and possibly his right to free speech. Because these claims effectively challenge the validity of the judgment resulting from Robinson's disciplinary hearing, and because that judgment affected the length of his sentence, the district court properly concluded that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 645–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

As dismissal for failure to exhaust and dismissal under *Heck*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, are both properly without prejudice, we deny the government's request that we remand to the district court with instructions to dismiss with prejudice.

AFFIRMED.